Mary Ann NISSEN, by her next friend, Mary Nissen, and Mary Nissen, Appellants,

v.

Gordon L. HOBBS, Appellee.

No. 649.

Supreme Court of Alaska.

Aug. 1, 1966.

James E. Fisher, Kenai, for appellants.

No appearance for appellee.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

RABINOWITZ, Justice.

Appellants' sole contention in this case is that the trial judge erred as a matter of law in failing to award punitive damages. We affirm the lower court's denial of punitive damages.

▪ ■ The case arose out of an automobile collision which occurred on July 30, 1961, near Kanai, Alaska. Appellant Mary Ann Nissen[1] sought both compensatory and punitive damages from appellee Gordon Hobbs. Appellant Mary Nissen claimed only property damages.[2] The cause was tried without a jury and resulted in the trial court's awarding appellant Mary Ann Nissen compensatory damages.[3]

In their brief on appeal, as well as in oral argument before this court, appellants argued that on the facts found by the trial court they were entitled to recover punitive damages as a matter of law. Appellants' position is curious in light of the superior court's findings pertaining to punitive damages. In this regard the trial court found:

> That the evidence does not compel a finding that the Defendant was driving while intoxicated, or that his drinking, to whatever extent he had been drinking, influenced his driving. *That the negligence of the Defendant can not be characterized as wilful or wanton or so grossly negligent as to be equivalent to malice or intentional wrong.*[4] (Emphasis furnished.)

clusions of law, the trial judge wrote in part:

> While there is evidence that defendant had had at least three beers prior to the accident and there is evidence which if believed would indicate that the defendant was in quite an intoxicated condition about an hour before the accident, I am of the opinion that the evidence is neither so strong as to compel a finding that defendant was driving while intoxicated or that his drinking, to whatever extent he had been drinking, influenced his driving. Neither am I of the opinion that the negligence of the defendant can be

1. Subsequent to the institution of the suit below, appellant Mary Ann Nissen married George Tweedy.

2. Mary Nissen is the mother of appellant Mary Ann Nissen.

3. Appellant Mary Nissen recovered damages for the loss of her vehicle. Appellant Mary Ann Nissen was awarded $5,013.75 in damages. The record sustains the trial court's finding that Mary Ann Nissen did not incur any serious permanent disabilities as a result of the accident.

4. In an opinion which was filed prior to the signing of findings of fact and con-

In its conclusions of law the trial court determined:

That the prayer of the Plaintiff for punitive damages against the Defendant and in favor of the Plaintiff is specifically denied.

In Bridges v. Alaska Housing Authority,[5] we said that:

Punitive or exemplary damages are those awarded in excess of actual loss where the wrongdoer's conduct can be characterized as outrageous, such as acts done with malice or bad motives or a reckless indifference to the interests of another. Whether or not they should be allowed is discretionary with the trier of fact. Only if there is a clear abuse of discretion, will we reverse the trial judge's determination that no punitive damages should be awarded.[6]

■ Our review of the record persuades us that the trial court's findings and conclusions of law pertaining to the character of defendant's negligence are supported by the record. The evidence before the trial court as to the events leading up to the occurrence of the collision was conflicting and appellants' evidence as to appellee's claimed intoxication was primarily derived from two potentially interested witnesses.[7] If we were to look only to the facts as found by the trial court (as urged by appellants) then the record is absolutely devoid of any bases for an award of punitive damages. But beyond this we are of the opinion that the trial court's findings as to the character of appellee's negligence were not clearly erroneous and therefore the trial court's withholding of punitive damages should be sustained.

The judgment of the superior court is affirmed.

characterized as wilful or wanton or, as the cases say, so grossly negligent as to be equivalent to malice or intentional wrong. I do not agree with plaintiff's counsel that this case requires the imposition of punitive damages. On the contrary, I am of the opinion that punitive damages should not be allowed in this case and I specifically deny punitive damages against the defendant in favor of the plaintiff.
Note: The lower court's findings embodied the following finding: "That the Defendant was driving in an intoxicated condition and at extremely high speed." Review of the trial court's opinion and the remainder of the court's findings demonstrates that this inconsistency was not intended but resulted from adoption of counsel for appellants' proposed findings.

5. 375 P.2d 696, 702 (Alaska 1962).

6. In support of the quoted text Restatement, Torts § 908 (1939), was cited. This section of the Restatement reads in part:
    Where punitive damages are permissible, their allowance and amount are within the discretion of the trier of fact * * *.
Comment d to this section of the Restatement reads as follows:
    * * * the trier of fact is not required to award punitive damages in

a case where they are permissible and it is error for a trial judge to instruct the jury that punitive damages must be given. * * *
Also cited in support of the holding in Bridges was Prosser, Torts § 2, at 9–11 (2d ed. 1955), where the author states:
    It is generally agreed that punitive damages are a windfall to the plaintiff and not a matter of right, and that it is always within the discretion of the jury to withhold them. * * *
See also McCormick, Damages § 84, at 296 (1935); and generally 70 Harv.L. Rev. 517–33 (1957).

7. Appellant Mary Ann Nissen's husband and her father-in-law.
The areas of conflict focused on the respective vehicles' speed prior to impact and on the question as to the precise area of impact. Not in conflict was the fact that the collision caused the death of two passengers in the respective vehicles; that appellee's car collided head on with appellants vehicle in appellants' lane of traffic; and that the accident occurred on a curve at a time when the surface of the road was dry, visibility was clear, and headlights were necessary.